## UNITED STATES v. JUNG JOW TOW.

### (District Court, D. Oregon. July 20, 1901.)

### No. 4,576.

CHINESE—REGISTRATION—DEPORTATION.

Act Cong. Nov. 3, 1893, amending Act Cong. May 5, 1892 (27 Stat. 25), declares it the duty of all Chinese laborers in the United States, entitled to remain there before passage of the act of 1892, to apply within six months for a certificate of residence, and that any neglecting to comply with the provisions of the act and of the act of 1892, or who after expiration of the six months shall be without such certificate of residence, shall be deemed to be unlawfully within the United States, "provided, that no Chinese person * * * convicted * * * of a felony shall be permitted to register under the provisions of this act; but all such persons who are now subject to deportation for failure * * * to comply with the act to which this is an amendment shall be deported." *Held*, that a Chinese laborer having a certificate of residence under the act of 1892 is entitled to remain in the country, though he has no certificate under the later act.

John H. Hall and Edwin Mays, for the United States.
J. J. Fitzgerald and Chester V. Dolph, for defendant.

BELLINGER, District Judge. The defendant applied for and received a certificate of residence as provided for by the act of congress of May 5, 1892 (27 Stat. 25). It is contended on the part of the United States that, notwithstanding this certificate, he is subject to deportation because he did not register under the amendatory act of November 3, 1893. This act provides that:

"It shall be the duty of all Chinese laborers within the limits of the United States who were entitled to remain in the United States before the passage of the act to which this is an amendment to apply to the collector of internal revenue of their respective districts within six months after the passage of this act for a certificate of residence; and any Chinese laborer within the limits of the United States who shall neglect, fail, or refuse to comply with the provisions of this act and the act to which this is an amendment, or who, after the expiration of said six months, shall be found within the jurisdiction of the United States without such certificate of residence, shall be deemed and adjudged to be unlawfully within the United States," etc.

The section of the act containing these provisions has the following proviso:

"Provided, that no Chinese person heretofore convicted in any court of the states or territories or of the United States of a felony shall be permitted to register under the provisions of this act; but all such persons who are now subject to deportation for failure or refusal to comply with the act to which this is an amendment shall be deported from the United States as in

said and in this act provided, upon any appropriate proceedings now pending or which may be hereafter instituted."

Under this proviso a Chinese laborer who has been convicted of a felony is not subject to deportation unless he has failed or refused to comply with the act amended. If, therefore, such a person has a certificate of residence issued under the act of 1892, he is entitled to remain in the country, notwithstanding the fact that he has no certificate issued under the later act, and is not allowed to have one. The unavoidable conclusion from this is that congress did not intend by the act of 1893 to invalidate certificates issued under the act of 1892. In the construction of statutes, there is a presumption against unreason and absurdity, and the act of 1893 would be a most absurd and unreasonable law, if Chinese convicts, whose registration it forbids, are exempted from deportation because of their compliance with the act of 1892, while Chinese laborers who are not convicts are subject to deportation notwithstanding such compliance on their part. It is a matter of common knowledge that the great majority of Chinese laborers entitled to registration under the act of 1892 refrained from registering upon legal advice that the law was unconstitutional, and pending a decision of that question by the supreme court of the United States in a case before it. In the meantime the time limited in the act within which certificates of residence could be procured expired. These are the circumstances under which the later act was passed, and which explain the purpose for which it was intended. But, if these facts do not fully explain the amendatory law, it is at least clear that this act was not intended to affect Chinese laborers who had fully complied with the act amended.